**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILLIAM MITCHELL BELL,

      Petitioner,           3:11-cv-00741-ECR-WGC

vs.                                **ORDER**

JACK PALMER, *et al.,*

      Respondents.

       Petitioner William Mitchell Bell, a Nevada state prisoner, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and has paid the appropriate filing fee (docket #2).

       Petitioner asserts in his petition that his counsel failed to file a direct appeal and that his state habeas petition was filed more than three years after the judgment of conviction was entered (docket #2).

       The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

1    Petitioner may be entitled to equitable tolling of the one-year limitations period if he can
2 establish that he diligently pursued his right and some extraordinary circumstance stood in his way. *See*
3 *Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in*
4 *part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998);
5 *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
6    Petitioner claims that he is schizophrenic and illiterate (another inmate helped prepare
7 his petition). He alleges that he is and has been treated with anti-psychotic drugs and is and has been
8 incompetent. Petitioner appears to make a prima facie showing that some extraordinary circumstance
9 stood in the way of his timely filing his state habeas petition. Accordingly, respondents will be given
10 the opportunity to respond to the question of whether petitioner is entitled to equitable tolling of the time
11 limitation.
12    **IT IS THEREFORE ORDERED** that the Clerk shall **ELECTRONICALLY SERVE**
13 the petition (docket #2) upon the respondents.
14    **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from the
15 entry of this Order to show cause and file such proof as they may have to demonstrate whether petitioner
16 is entitled to equitable tolling of the one-year limitations period.
17    **IT IS FURTHER ORDERED** that petitioner shall have **twenty (20) days** to file a
18 response to respondents' proof.

22   DATED this 24th day of October 2011.

*Edward C. Reed.*
_____
UNITED STATES DISTRICT JUDGE

2