1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILLIAM MITCHELL BELL,           )
                                 )
            Petitioner,          )        3:11-cv-00741-ECR-WGC
                                 )
vs.                              )        **ORDER**
                                 )
                                 )
JACK PALMER, *et al.*,           )
                                 )
            Respondents.         )
_____ /

15        This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §

16  2254, by a Nevada state prisoner.  On October 24, 2011, the court issued an order directing respondents

17  to show cause and file such proof as they may have to demonstrate whether petitioner is entitled to

18  equitable tolling of the one-year limitations period (ECF #4).  Before the court is respondents' response

19  to that order (ECF #10), and petitioner's reply (ECF #15).

20  **I.  Procedural History**

21        On April 27, 2006, petitioner was charged via information with count 1: felony murder

22  with the use of a deadly weapon and count II: discharging a firearm in a structure, both felonies (exhibit

23  3 to respondent's response to order to show cause, ECF #10).[1]  On December 28, 2006, petitioner signed

24  a guilty plea agreement in which he agreed to plead guilty to second-degree murder (ex. 19).  On

25

26        [1] All exhibits referenced in this order are exhibits to respondents' response to order to show cause
    (ECF #10) and may be found at ECF #s 11, 12.

1   December 29, 2006, pursuant to negotiations, the State filed an amended information charging petitioner

2   with second-degree murder, a felony (ex. 18).  Petitioner entered his guilty plea, which was filed with

3   the court (ex.'s 19, 20).  The judgment of conviction was filed on February 13, 2007 (ex. 21).  Petitioner

4   did not pursue a direct appeal.

5          More than three and one-half years later on November 20, 2010, petitioner filed a petition

6   for postconviction writ of habeas corpus in state court (ex. 33).  On March 2, 2011, the state district

7   dismissed the petition as untimely (ex. 44; findings of fact, conclusions of law and order filed on March

8   11, 2011, ex. 47).  On September 15, 2011, the Nevada Supreme Court affirmed the dismissal of the

9   petition as untimely (ex. 56).  Remittitur issued on October 12, 2011 (ex. 58).

10          On October 13, 2011, petitioner filed this federal petition for writ of habeas corpus

11   pursuant to 28 U.S.C. § 2254 (ECF #2).  On October 24, 2011, the court directed respondents to respond

12   to an order to show cause regarding petitioner's assertions that he is entitled to equitable tolling (ECF

13   #4).  Petitioner claims that he is schizophrenic and illiterate and that another inmate assisted him with

14   his federal petition (ECF #s 2, 15).  Petitioner also alleges that he is and has been incompetent and that

15   he has been treated with anti-psychotic drugs (*id.*).  Respondents argue these claims are belied by the

16   record and that petitioner is not otherwise entitled to equitable tolling (ECF #10).

17   **II.  Federal Habeas Petition is Untimely**

18          The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes

19   controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of

20   federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute

21   provides:

22          (d)(1) A 1-year period of limitation shall apply to an application for
            a writ of habeas corpus by a person in custody pursuant to the
23          judgment of a State court.  The limitation period shall run from the
            latest of–
24
25                 (A) the date on which the judgment became final by the
                   conclusion of direct review or the expiration of the time for
                   seeking such review;
26

2

1

2

3

       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

5

       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

7

       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

8

9

       (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

10

11   28 U.S.C. § 2244(d).

12        The United States Supreme Court has held that a habeas petitioner's state postconviction

13 petition, which was rejected by the state court as untimely under the statute of limitations, is not

14 "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period.

15 *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).  The Court in *Pace v. DiGuglielmo* held as follows:

16

17

       In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.

18        * * *

19

20

       What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

21   *Id.* at 413-14.

22        In the present case, as discussed, petitioner was convicted, pursuant to a guilty plea, and

23 judgment was entered on February 13, 2007 (ex. 21).  He did not pursue a direct appeal.  Petitioner took

24 no action whatsoever until he filed a state postconviction petition for writ of habeas corpus on November

25 20, 2010 (ex. 33).  As petitioner had no properly filed application for state postconviction or other

26

3

1   collateral review pending during the period of time between the time his judgment of conviction became

2   final and the time, more than three and one-half years later, he filed his state postconviction petition, this

3   time is not statutorily tolled on that basis. *See* 28 U.S.C. § 2244(d)(2). Accordingly, petitioner's federal

4   habeas petition, filed on October 13, 2011, is untimely pursuant to 28 U.S.C. § 2244(d).

5   **III.  Petitioner is Not Entitled to Equitable Tolling**

6              **A.  Petitioner Fails to Demonstrate Extraordinary Circumstances**

7              The United States Supreme Court has held that the AEDPA's statute of limitations, at

8   28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct.

9   2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only

10  if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

11  circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace*

12  *v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity

13  powers . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and

14  "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and

15  citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in

16  light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict

17  in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

18             Here, petitioner claims that he filed his federal petition more than three years late due to

19  "incompetency and ineffective assistance of counsel." He claims that he is illiterate, schizophrenic and

20  that defense counsel failed to have him examined for competency at the time that he entered into his

21  guilty plea agreement (ECF #15).

22             A petitioner's alleged ignorance of the law, lack of legal sophistication and lack of legal

23  assistance do not constitute extraordinary circumstances and cannot justify equitable tolling. *See*

24  *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) ("we have held that a *pro se*

25  petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling");

26

1   *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("we now join our sister circuits and hold that

2   a *pro se* petitioners lack of legal sophistication is not, by itself, an extraordinary circumstance warranting

3   equitable tolling").  Moreover, a petitioner's illiteracy does not provide a basis for equitably tolling the

4   limitations period.  *See, e.g., Gazzeny v. Yates*, 2009 WL 294199, at *6 (C.D.Cal. Feb. 4, 2009) ("A

5   prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for tolling

6   of statute of limitations); *Barnett v. Knowles*, 2006 WL 824474, at *5 (N.D.Cal. Mar. 29, 2006)

7   (illiteracy and *pro se* status are not ordinarily extraordinary circumstances or external factors that may

8   excuse failure to comply with federal habeas procedures); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th

9   Cir. 1999) (lack of familiarity with legal process, even if caused by illiteracy, is not a basis for tolling

10  statute of limitations); *see also Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.

11  1986) (rejecting illiteracy as cause for petitioner's procedural default stemming from failure to timely

12  pursue his remedy to state supreme court).

13          Next, petitioner's claim that he is and has been incompetent is belied by the record.  He

14  asserts that defense counsel failed to "move for a competency hearing" (ECF #15 at 5).  However,

15  petitioner included with his petition documentation demonstrating that his counsel did in fact arrange

16  a competency evaluation (ECF #2 at 50-54).  A forensic competency evaluation concluded that he was

17  competent to stand trial, did not exhibit delusional qualities, understood the charges against him, and

18  was aware of the definition of plea bargain and why one might be advantageous (*id*.).  The evaluator

19  noted that petitioner's responses seemed to be self-serving and that while petitioner claimed that he had

20  experienced auditory hallucinations 24 years ago, he had claimed nothing until recently (*id*.).

21          Further, respondents provided documentation that demonstrates that petitioner sent a kite

22  to his prison caseworker on May 26, 2007, after his February 13, 2007 judgment of conviction, asking

23  for help (ex. 63 at 28).  He indicated that he wanted to go back to court and try to change his plea and

24  get his case overturned (*id*.).  On July 2, 2007, petitioner sent a kite indicating that he wanted to go to

25  the law library to look for cases similar to his and to look for a lawyer (*id*. at 25).  Respondents argue

26

5

1  that these kites belie petitioner's claims that he is or was incompetent and that his incompetency

2  prevented him from timely filing his federal habeas petition.

3          The court concludes that petitioner has failed to demonstrate (1) that he has been pursuing

4  his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

5  filing.  *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

6          **B. Petitioner Fails to Present New Reliable Evidence to Support his Claim of Actual**

7  **Innocence**

8          Next, petitioner argues that his actual innocence claim overcomes the procedural bar of

9  untimeliness pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995).  Respondents argue that petitioner's guilt

10  is "conceded or plain," pursuant to *Schlup* because he pled guilty, and that his claim of actual innocence

11  fails because he has not presented any new reliable evidence (ECF #10 at 7-10).

12          In *Schlup*, the United States Supreme Court explained that a claim of actual innocence

13  is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional

14  claim considered on the merits." *Schlup*, 513 U.S. at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404

15  (1993)).  To be credible, a gateway claim of actual innocence requires a petitioner "to support his

16  allegations of constitutional error with new, reliable evidence–whether it be exculpatory scientific

17  evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."

18  *Id*. at 324.  While the *Schlup* standard does not require absolute certainty about the petitioner's guilt or

19  innocence, it is a demanding standard that  permits review only in the extraordinary case. *House v. Bell*,

20  547 U.S. 518, 537 (2006) (internal quotations and citations omitted); *see also Schlup*, 513 U.S. at 324

21  (emphasizing that "in the vast majority of cases, claims of actual innocence are rarely successful").  A

22  petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new

23  evidence, no reasonable juror would find him guilty beyond a reasonable doubt. *House*, 547 U.S. at 537.

24          Respondents point out that petitioner has not offered any new evidence at all (ECF #10

25  at 8). Petitioner has presented only information that was available at the time he entered his guilty plea.

26

6

Petitioner merely asserts that no reasonable juror would find him guilty beyond a reasonable doubt based on his interpretation of this previously available material.  In December 2006, petitioner pleaded guilty to second-degree murder in the shooting death of his wife.

He included the following with his federal petition:

1) a request for investigation dated March 23, 2006 prepared by his counsel (ECF #2 at 19);

2) a memorandum dated March 24, 2006, from an investigator to petitioner's counsel (*id*. at 20-24);

3) an autopsy report dated March 18, 2006 (*id*. at 25-30);

4) a blood screen report of the victim dated March 29, 2006 (*id*. at 31);

5) a coroner's report of investigation (*id*. at 32);

6) a trace evidence report dated May 26, 2006, that stated that the victim may have discharged a firearm, handled a discharged firearm, or was in close proximity to a discharged firearm, and also that the petitioner may have discharged a firearm, handled a discharged firearm, or was in close proximity to a discharged firearm (*id*. at 33-34);

7) a 3-page police report dated June 9, 2006 (*id*. at 35-37);

8) a memorandum of the Clark County Public Defender dated November 9, 2006 (*id*. at 39-40);

9) a memorandum of the Clark County Public Defender dated May 12, 2006 (*id*. at 41-42);

10) a presentence investigation report dated January 24, 2006 (*id*. at 43-49);

11) a doctor or psychologist's forensic competency examination dated April 20, 2006, performed at petitioner's counsel's request, that concluded that petitioner was competent to stand trial (*id*. at 50-54);

12) the guilty plea agreement filed December 29, 2006 (*id*. at 56-62);

1    13) the first two pages of a 6-page police report dated March 21, 2006 (*id*. at 63-64);

2    14) two police reports, dated March 20 and 21, 2006 (*id*. at 65-69, 70-71);

3    15) pages 3, 4, and 5 of a police report dated March 21, 2006 (*id*. at 72-74);

4    16) an amended information (*id*. at 75-76);

5    17) a transcript of petitioner's guilty plea (*id*. at 77-80); and

6    18) the judgment of conviction (*id*. at 81-82).

7    The court agrees with respondents that this is not the type of evidence that the U.S.

8    Supreme Court identified in *Schlup* as new and reliable. These documents are not "exculpatory scientific

9    evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324.

10   Petitioner offers material that was available to him when he entered his guilty plea, and none of the

11   material is "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

12   evidence" that demonstrates his actual innocence. The court notes that it is not clear that the actual

13   innocence gateway applies to a case such as this involving a guilty plea. *See Smith v. Baldwin*, 510 F.3d

14   1127, 1140 (9th Cir. 2007) n.9 ("We are aware of the potential incongruity between the purpose of the

15   actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no

16   contest) pleas."). Regardless, petitioner has failed to satisfy the requirements of *Schlup*. Petitioner's

17   gateway claim of actual innocence must fail.

18   Petitioner's federal petition is untimely. Petitioner has failed to demonstrate any basis

19   for equitable tolling or to excuse the statute of limitations. Because the federal habeas petition was

20   untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be

21   dismissed.

22   **IV. Certificate of Appealability**

23   In order to proceed with an appeal, petitioner must receive a certificate of appealability.

24   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951

25   (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a

26

1    petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

2    certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

3    "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of

4    the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484).  In order to meet this

5    threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among

6    jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to

7    deserve encouragement to proceed further. *Id.*  This court has considered the issues raised by petitioner,

8    with respect to whether they satisfy the standard for issuance of a certificate of appealability, and

9    determines that none meet that standard.  The court will therefore deny petitioner a certificate of

10   appealability.

11   **V. Conclusion**

12           **IT IS THEREFORE ORDERED** that this federal petition for a writ of habeas corpus

13   is **DISMISSED** as untimely.

14           **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

15   **APPEALABILITY.**

16           **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**

17   accordingly and close this case.

18
             Dated this 8th day of June, 2012.
19

20
                                                     Edward C. Reed.
21                                            _____
                                              UNITED STATES DISTRICT JUDGE
22

23

24

25

26